IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOSEPH L. RHEA, JR., on behalf
of himself and all others similarly situated,
and CHRIS SELF, on behalf of himself
and all others similarly situated                                            PLAINTIFFS

V.                                                     CIVIL CASE NO.3:13CV315-SA-A

RAPID SHELL LUBE, LLC
AND SHANE STRICKLAND,
INDIVIDUALLY                                                       DEFENDANTS

## ORDER DENYING MOTION TO COMPEL

The defendants filed a motion to extend the discovery deadline and to compel deposition dates. Docket 24. Defendants assert plaintiffs have failed to respond to multiple requests to provide available dates for the three plaintiffs' depositions. As of the date of filing, plaintiffs have not responded either to defendants' requests or to the motion. Although defendants have provided correspondence to plaintiffs counsel requesting that plaintiffs agree to an extension of the discovery deadline and provide available dates for the depositions, defendants did not attach a signed copy of a Good Faith Certificate or an affidavit stating that no signed certificate could be obtained. L. U. Civ. R. 37(a).

Based on the defendants' assertions[1] the court would normally find the motion well taken. Notwithstanding, "[f]ailure to comply with . . ." the requirements of L. U. Civ. R. 37(a) or (b) "will result in a denial of the motion without prejudice to the party, who may refile the motion

---

[1] Plaintiffs' response is not yet due under the rules. L. U. Civ. R. 7(b)(4).

upon conformity with the rule." L. U. Civ. R. 37(c). Accordingly, it is

ORDERED

That defendants' motion to compel is denied without prejudice. Defendants may re-file the motion upon compliance with L. U. Civ. R. 37. The court reminds counsel for plaintiffs that if the defendants do comply with the requirement of certification and are required to move again for an order directing plaintiffs to provide dates for depositions, under Rule 37(a)(5), unless failure to respond was substantially justified or sanctions would otherwise be unjust, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion."

THIS, the 27th day of October, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE